# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS
# PINE BLUFF DIVISION

DANIEL PEDRAZA  
ADC #155040                                                                     PETITIONER

v.                        No. 5:17-cv-37-DPM

WENDY KELLEY, Director,  
Arkansas Department of Correction               RESPONDENT

## ORDER

On *de novo* review, the Court adopts the Magistrate Judge's careful recommendation, № 20, as supplemented and modified, and mostly overrules Pedraza's objections, № 25. FED. R. CIV. P. 72(b)(3).

The supplement. Pedraza is correct that the prosecutor's "accident" remark came before the sentencing, not after. № 25 at 2. But the Magistrate Judge is correct on the deep issue: this remark didn't violate Pedraza's rights. This wasn't a case where the prosecutor presented factually inconsistent theories to different juries to obtain convictions or particular sentences. *Compare Smith v. Groose*, 205 F.3d 1045, 1049–52 (8th Cir. 2000). In fact, the accident remark was not made before a jury; it was made to the Court in a pretrial hearing. Neither of the Pedrazas had changed their pleas yet. *Compare* № 2 at 12 *with* № 12-7 at 15. By contrast, the evidence actually presented to the two juries advanced a consistent theory of

the crime. In short, the prosecutor's stray characterization of the child's death as an "accident" in a pretrial hearing did not violate Pedraza's due process rights.

The modification. The recommendation correctly notes that there's no right to depose witnesses in Arkansas criminal cases. But it doesn't necessarily follow that a defendant has no right to be present if the State does, in fact, depose a critical witness. *Compare Don v. Nix*, 886 F.2d 203 (8th Cir. 1989). That law, though, doesn't change the outcome on this claim. Pedraza waived his right to confront witnesses against him when he entered his guilty plea. Indeed, the trial court specifically noted that Pedraza was waiving the right to confront his wife. № 14, *Exhibit A at TR 904-05*. Further, the Confrontation Clause does not apply in non-capital sentencings. *E.g., United States v. Wallace*, 408 F.3d 1046, 1048 (8th Cir. 2005); *United States v. Johnson*, 378 F. Supp. 2d 1051, 1059-62 (N.D. Iowa 2005). And even if it did, Pedraza got the opportunity to confront Victoria Pedraza when she testified live at his sentencing. № 14, *Exhibit A at TR 1561-1636 & 1762-64*. The deposition claim therefore fails as well.

\* \* \*

Pedraza's petition will be dismissed with prejudice. No certificate of appealability will issue. 28 U.S.C. § 2253(c).

So Ordered.

*D.P. Marshall Jr.*
D.P. Marshall Jr.
United States District Judge

4 December 2017